UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

RODNEY JAMES REDMOND,

        Plaintiff,

v.                                                                Case No. 09-C-0086

SARAH COOPER, MARTHA BREEN,
MARK BOENEN, WILLIAM POLLARD,
WILLIAM SWIEKATOWSKI, PETER ERICKSEN,
STEVEN SCHMIDT, TODD HAMILTON,
and MARK ZIMONICK,

        Defendants.

## ORDER

The plaintiff, a state prisoner proceeding *pro se*, filed a civil rights complaint under 42 U.S.C. § 1983 and has requested leave to proceed *in forma pauperis*. Pursuant to the Prison Litigation Reform Act (PLRA), the plaintiff is required to pay the full amount of the statutory filing fee, $350.00, for this action. *See* 28 U.S.C. § 1915(b)(1).

Under the PLRA, which amended the *in forma pauperis* statute, the court must assess an initial partial filing fee of twenty percent of the average monthly deposits to the plaintiff's account or average monthly balance in the plaintiff's prison account for the six-month period immediately preceding the filing of the complaint, whichever is greater. *Id.* After the initial fee is paid, the prisoner must make monthly payments of twenty percent of the preceding month's income until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2). "The agency having custody of the prisoner shall forward

payments from the prisoner's account to the Clerk of the Court each time the amount in the account exceeds $10 until the filing fees are paid." *Id.*

The plaintiff filed a certified copy of his prisoner trust account statement for the six-month period immediately preceding the filing of the complaint as required under 28 U.S.C. § 1915(a)(2). This account statement shows the activity in the plaintiff's prison account for the past six months.

A review of this information reveals that, for the six-month period immediately preceding the filing of the instant complaint, the average monthly deposit to the plaintiff's prison account was $13.78 and the average monthly balance to the account was $1.54. Thus, in accordance with the provisions of 28 U.S.C. § 1915(b)(1), the plaintiff is required to pay an initial partial filing fee of $2.76. The plaintiff shall pay the initial partial filing fee of $2.76 to the Clerk of Court on or before **Monday, April 20, 2009**.

In a letter the plaintiff filed with the complaint, he requested a court order giving the plaintiff permission to have another inmate pay his partial filing fee, just in case he could not pay it himself. The court will not provide an order for the plaintiff's initial partial filing fee to be paid out of another prisoner's trust account. However, the court will accept payment from any source, as long as the payment is identified with the plaintiff's name and the case number for this case.

The plaintiff's letter also asked that the court deduct $2.71 that he paid in Case Number 08-C-563 from his initial partial filing fee in this case. That payment represents part of the plaintiff's initial partial filing fee in that case. When the plaintiff

2

failed to pay the entire initial partial filing fee, the court afforded him additional time to submit the remainder. Instead, the plaintiff filed a notice of voluntary dismissal. The plaintiff filed his notice of voluntary dismissal long after the twenty days prescribed by the court's July 18, 2008, order for voluntary dismissal without incurring the entire filing fee or a "strike" under 28 U.S.C. § 1915(g). In Case Number 08-C-563, the court could have assessed a "strike" and/or required the plaintiff to pay the remainder of the $350.00 fee. Just because the court did neither does not mean those funds are returnable or available to pay the plaintiff's initial partial filing fee in this case. Therefore, the court will deny the plaintiff's request to transfer the funds.

The PLRA also provides that if a prisoner files more than three actions or appeals which are dismissed as frivolous, malicious, or for failure to state a claim upon which relief can be granted, the prisoner will be prohibited from bringing any other actions *in forma pauperis*, unless the prisoner is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g). In the event that his action is later dismissed for any of the above reasons, it will have an impact on the prisoner's ability to bring other actions *in forma pauperis*. Accordingly, the plaintiff will be afforded an opportunity to voluntarily dismiss this action to avoid incurring a "strike" under § 1915(g).

Notice to Plaintiff: If you do not wish to pay the filing fee as set forth in this Order or do not wish to proceed with this action to avoid incurring a "strike" under § 1915(g), you must notify the court by filing a letter with the Clerk of Court on or

3

before **Monday, April 20, 2009**, stating that you do not wish to prosecute this civil action. If you write such a letter, this case will be dismissed without prejudice. Voluntary dismissal will not be counted as a "strike" under § 1915(g).

Accordingly,

**IT IS ORDERED** that on or before **Monday, April 20, 2009**, the plaintiff shall forward to the Clerk of Court the sum of $2.76 as an initial partial filing fee in this action.

Upon payment of the initial partial filing fee, the court will determine whether the action can continue to proceed *in forma pauperis*. The court will review the complaint to determine that the action is not frivolous or malicious and that the complaint states a claim upon which relief can be granted. If the complaint does not meet this standard, the action will be dismissed.

**IT IS ALSO ORDERED** that copies of this order be sent to the warden of the institution where the inmate is confined and to Corey F. Finkelmeyer, Assistant Attorney General, Wisconsin Department of Justice, P.O. Box 7857, Madison, Wisconsin, 53707-7857

Dated at Milwaukee, Wisconsin, this 8th day of April, 2009.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge